UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-20628-CR-GOLD/McAliley

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANIEL ROYER,

    Defendant(s).
_____/

**ORDER SETTING PRETRIAL CONFERENCE, TRIAL AND CALENDAR CALL DATE, ESTABLISHING PRETRIAL REQUIREMENTS AND REFERRING ALL PRETRIAL MOTIONS TO MAGISTRATE JUDGE**

**THIS CAUSE** was assigned to this Division for trial. On the Court's own motion, it is hereby ordered as follows:

## I. PRETRIAL CONFERENCE

1. A pretrial conference is hereby set before the Honorable Alan S. Gold, at the Wilkie D. Ferguson U.S. Courthouse, 400 North Miami Avenue, Courtroom 11-1, 11th floor, Miami, Florida 33128, on **Tuesday, August 19, 2008 at 8:45 a.m. Defendants on bond will be required to be present with their counsel at the pretrial conference**. The United States Marshal is hereby directed to have any defendants in custody available for this hearing.

## II. TRIAL DATE

2. The above cause is set for trial on the two-week calendar beginning at **9:00 a.m.**, on **Tuesday, September 2, 2008.** A calendar call is set for **Wed., August 27, 2008 at 1:30 p.m.**

ANY MOTIONS FOR CONTINUANCE MUST BE FILED IN WRITING at least 48 hours prior to the Calender call. Motions for continuance will not be favorably considered unless the parties have complied with Local Rule 88.10 (P) which requires the filing of a written statement describing all discovery material exchanged.

**ALL PARTIES ARE PUT ON NOTICE THAT IF THIS CASE IS NOT REACHED DURING THE ABOVE CALENDAR PERIOD, IT WILL AUTOMATICALLY APPEAR ON THE NEXT AND SUBSEQUENT CALENDARS UNTIL REACHED. YOU WILL NOT BE RE-NOTICED. CALENDAR CALLS WILL BE HELD ON THE WEDNESDAY PRECEDING THE TWO-WEEK CALENDAR PERIOD.**

### III. DISCOVERY.

3. All discovery will be conducted in accordance with the Federal Rules of Criminal Procedure, Rule 88.10 of the Local Rules of the United States District Court for the Southern District of Florida, and the Standing Discovery Order issued by the United States Magistrate. Non-compliance can result in sanctions. Fed. R. Evid. 404(b) notices **shall** include a specific factual basis for the evidence sought to be introduced.

Supplemental discovery responses provided "out-of-time" will include a statement in the first paragraph of the response explaining why Criminal Discovery was not complied with in a timely fashion.

Defense counsel are instructed to notify the Court <u>in writing</u> within five (5) days after the time periods outlined in the Standing Discovery Order have elapsed if they have not received all discovery from the Government. Likewise, the Government will notify the Court in writing within five (5) days of the Defendant(s) failure to make disclosure in compliance with Fed.R.Crim.P. 16 (b).

### IV. MOTIONS AND REFERRAL TO MAGISTRATE JUDGE

4. Absent further order of the Court, all pretrial motions will be filed in accordance with the Standing Order on Discovery (within 28 days of arraignment).

5. The undersigned United States District Court Judge does hereby refer to the Honorable **Chris M. McAliley** all discovery motions.

## V. <u>TRIAL REQUIREMENTS.</u>

6. Counsel are required to pre-mark all exhibits and provide the Court with exhibit lists (form attached) five (5) days prior to the day of trial. All Counsel are also instructed to submit, in writing, any special voir dire questions (not otherwise included in those recited on the attached forms) by such date. In addition, the Government is required, by such date, to provide defense counsel with a complete set of jury instructions and verdict forms for use by the Court, and defense counsel will submit any special jury instructions and verdict forms, including for lesser included offenses, no later than the first day of the trial. Jury instructions will follow the 11th Circuit Pattern Jury Instructions (Criminal Cases) (1997), unless special instructions are requested. In such case, the party requesting the special instruction(s) will support each such request with citations of authority. Appropriately highlighted, photostatic copies of all duly shepardized cases used in drafting the instruction must be presented to the Court and opposing counsel concurrently. All proposed jury special jury instructions will also be submitted on a DOS-compatible disk in WordPerfect format.

7. Not later than five (5) days prior to the first day of trial, the parties will file with the Court memoranda required to address any unique issues of law or evidence which are anticipated to arise at trial.

8. In the event the Government proposes, in its case in chief, to offer tapes and transcripts of conversations, the Government is directed to furnish copies of such tapes and transcripts at least thirty-five (35) days prior to the scheduled trial in this cause. Within fifteen (15) days after delivery of such tapes and transcripts, the Defendant(s) will file and serve written objections to any portion. The Government will have seven (7) days after service to file and serve a response to such objections. All service will be effected by delivery.

9. Counsel are required to inform the Court, at least 24 hours prior to any hearing or trial when an interpreter is required.

10. All requests for Writs Ad Testificandum **must** be filed not later than 14 business days

prior to the first day of the scheduled trial period to insure adequate time for processing.

11. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons **at least seven (7) days** prior to the scheduled trial date.

12. Counsel are encouraged to reduce all stipulations to writing prior to trial.

13. Defense counsel who have or will represent witnesses, co-defendants, targets, or subjects in this or any other related criminal case shall notify the Court immediately so that a *Garcia* hearing can be scheduled to resolve any potential or actual conflicts of interest. It is the desire of the Court that all *Garcia* hearings be conducted as close to the time of arraignment as possible.

14. Under existing policies and agreements between the state and federal courts of Florida, the judge who enters the first written order scheduling a case for trial on a date set, has priority over the services of the attorney so scheduled for the date set. See *Krasnow v. Navarro*, 909 F.2d 451 (11th Cir. 1990). It, therefore, will be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the date set forth above. If any counsel receives a written notice of a trial from another judge, in either state or federal court, that in any way conflicts with this trial schedule setting, it is the obligation of that attorney to notify that judge immediately so that the judge may reschedule his or her calendar, thus leaving counsel available for this case. Any conflicts to the contrary must immediately be brought to the attention of the Court.

## VI. PLEA AGREEMENTS, MOTIONS AND SENTENCE HEARINGS

15. In the interest of judicial economy, except for good cause shown, all pleas will be entered no later than five (5) days prior to the commencement of the scheduled trial period. All plea agreements between the Government and the Defendant(s) will be in writing. Any settlement shall immediately be brought to the Court's attention by telephoning the Court's Deputy Court Clerk.

16. **All motions filed shall be accompanied by a written statement certifying that counsel**

**for the moving party has conferred with opposing counsel in a good faith effort to resolve by agreement the subject matter of the motion as required by Local Rule 88.9. If there is no objection, the motion shall so state and be accompanied by an agreed order.**

17. If defense counsel foresees that a sentencing hearing will take more than forty-five (45) minutes, the Court's Courtroom Deputy should be advised not later than ten (10) days prior to the hearing. Prompt notice facilitates this Court's docket schedule.

**DONE AND ORDERED** this 31st day of July, 2008.

_____
**UNITED STATES DISTRICT JUDGE
ALAN S. GOLD**

cc:   Magistrate Judge McAliley
      Counsel of record